IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFREY H. BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3045 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| TRANSPORTATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Defendants' Motion for Judgment on the Pleadings (d/e 15). Plaintiff Berry was employed by the Defendant Illinois Department of Transportation (Department) as a Technical Manager VI. He alleges that the Defendants fired him on February 21, 2003, in violation of his Fourteenth Amendment due process rights (Count I) and his First Amendment rights to political affiliation (Count II). He also alleges that the Department breached its employment contract with him (Count III). For the reasons set forth below, the Defendants are entitled to judgment on the pleadings on Counts I and II.

1

The Court dismisses Count III for lack of subject matter jurisdiction.

For purposes of the Motion, the Court may consider all pleadings, including the Complaint, Answer, and attached exhibits. Fed. R. Civ. P. 12(c); Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). The Complaint refers to a letter from Defendant Alonzo Monk to Berry dated February 21, 2003, which was inadvertently omitted from the Complaint; the Court previously allowed the exhibit to be filed. Motion for Leave to File Inadvertently Omitted Exhibit to Plaintiff's Complaint (d/e 26) at 1 and Order of August 23, 2004. The Answer includes as exhibits Berry's job description and the Department's Personnel Policies Manual (Manual). The Court will consider these documents in ruling on the Motion. The Manual may be considered because the Complaint specifically refers to the Manual, and the Manual is central to Berry's due process and contract claims. 188 LLC v. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002).

Rule 12(c) motions for judgment on the pleadings are reviewed under the same standard as Rule 12(b) motions. Id. The Court must accept as true all of Berry's well-pleaded factual allegations and draw all inferences in the light most favorable to him. Hager v. City of West Peoria, 84 F.3d 865,

868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Court, however, is not obligated to give any weight to unsupported conclusions of law. R.J.R. Services, Inc. vs. Aetna Cas. and Sur. Co., 895 F.2d 279, 281 (7th Cir. 1989). Judgment on the pleadings should not be entered unless it appears beyond doubt that Berry can prove no set of facts that would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

### STATEMENT OF FACTS

On or about September 11, 2002, Berry began working for the Department as a Technical Manager VI in Position Number PW416 23-58-100-00-01 (Position). The job description for the Position states that he is, "accountable for the overall direction of the district Bureau of Administrative Services and exercises broad discretion to ensure maximum utilization of resources to accomplish district goals and objectives." Answer (d/e 14), Exhibit A at 2. He is the, "principal budget administrator for district operations." Id. He supervises a staff of 40 employees and has a Bureau budget of approximately $4,300,000.00. Id. He and the other Bureau Chiefs report to the District Engineer. Id. The job description states that:

> [I]n conjunction with the district engineer [he] will develop the district's operating budget submittal which will become part of the departmental overall operating budget by evaluating current programs and proposing new initiatives as well as making specific recommendations to the district engineer.

The job description further states that, "Once the budget is approved by the legislature, this position has wide discretion in allocating and reallocating resources throughout the district based on current needs and emergency situations." Id.

The description states that Berry serves, "as departmental spokesperson to advocate departmental/district goals/objectives by conducting presentations to departmental management, elected officials and/or the general public." Id. Further, Berry is, "accountable for formulating and implementing policies and procedures and supervising staff in providing the support services for the district involving financial services, personnel services, business services and data processing services." Id.

Finally, the description states that:

> In regards to liaison services, the environment of this position is characterized by extreme political sensitivity which complicates the task of developing and maintaining consistent and cooperative relations with elected officials who seek information and assistance for their area. This position must continually be aware of the sensitive relationship between the district and the remainder of the state. The incumbent actively initiates,

4

> formulates and implements policies relating to coordination with and among local agencies and [the Department]. Further, the incumbent develops policies in cooperation with the district engineer to ensure coordination between [Department] districts.

Id.

The Department also has a Personnel Policies Manual (Manual). Answer (d/e 14) Exhibit B. The Manual contains the following disclaimer (Disclaimer) in its Foreword:

> This manual is provided to better acquaint you with the personnel policies of the Illinois Department of Transportation and does not constitute a contract of employment in whole or in part. The Department reserves the right to add, amend or delete any benefit or policy stated herein at any time, except as otherwise committed to by collective bargaining agreements and the Department of Central Management Services' Personnel Rules.

Id. at iv. Berry does not allege that he is a member of a union or that his position is subject to a collective bargaining agreement. Further, as a technical employee, Berry is exempt from the Illinois Personnel Code and Illinois Central Management Services personnel rules. Manual §1-2 (A); 20 ILCS §§ 415/8b, 415/8b.16 and 415/4c(12).

The Manual contains policies on discipline. Manual, Ch. 17. The Manual states that the Department has a policy of progressive discipline:

> The step-by-step process of progressive discipline focuses on

5

>correcting behavior at the earliest stage with the goal of eliminating future occurrences of inappropriate conduct. While it is desirable to follow the normal sequence of progressive discipline, an infraction may be of such a nature as to warrant the initiation of more severe actions immediately.

Manual, § 17-1(B). If a matter arises that may require disciplinary action, the supervisor investigates and reports to his superior. If discipline is appropriate, a pre-disciplinary or pre-termination meeting is held. Id. at §§ 17-2(A) and (C). The Manual sets five levels of progressive discipline: (1) oral warning, (2) written warning, (3) suspension, (4) suspension pending decision on discharge, and (5) discharge. Id. at §17-1(5). The Manual states:

>Subject to prior review by the Office of Labor Relations an employee may be discharged for cause if prior disciplinary actions have failed to rectify the problem or if the employee's offense is serious enough in nature to warrant dismissal.

Id. at §17-2(D)(5).

Sometime before February 20, 2003, Defendant Alonzo Monk, Chief of Staff of Defendant Illinois Governor Rod R. Blagojevich, sent Berry a letter dated February 21, 2003. The body of the letter said,

>Our records show that you are currently employed with the Illinois Department of Transportation as a Technical Manager VI in a double exempt status, position number PW416 23-58-100-00-01. Therefore, please consider this letter as notice of

6

your termination effective at the close of business today.

<u>Motion for Leave to File Inadvertently Omitted Exhibit to Plaintiff's Complaint (d/e 26)</u> Exhibit A. Berry was not guilty of any incompetence, neglect of duty, or malfeasance while working in the Position.

Berry brought this action on February 20, 2003. He named the Department, Governor Blagojevich, Monk and Illinois Secretary of Transportation Timothy W. Martin as Defendants. He named the three individual Defendants in both their individual and official capacities. The jurisdictional portion of the Complaint quotes the First Amendment, Ninth Amendment and Section 1 of the Fourteenth Amendment to the Constitution, and the operative provisions of 42 U.S.C. § 1983. <u>Complaint (d/e 1)</u> ¶¶ 7-8. Berry then alleges three Counts. Count I of the Complaint alleges:

> By virtue of the aforementioned provisions of the Constitution of the United States and the Constitution of the State of Illinois, the Plaintiff has a protected property interest in his employment with the Illinois Department of Transportation.

<u>Id.</u> at Count I ¶13. He then alleges that he was denied his property interest in the Position without due process. Count II alleges:

> There is nothing in the job duties of a Technical Manager VI position that makes political considerations a condition for

employment in the position.

Id. at Count II ¶13. He then alleges that he was fired because of his political affiliation in violation of his rights under the First Amendment. Count III alleges that the Manual created an employment agreement between himself and the Department. He alleges that the Department breached his employment contract because the Defendants fired him without following the disciplinary procedures in the Manual. In each Count, he seeks damages and injunctive relief to prevent the Defendants from removing him from the Position.

The Defendants answered the Complaint. The Answer included the job description for the Position and a copy of the Manual as exhibits. The Defendants now asks for judgment on the pleadings.

ANALYSIS

COUNT I: Due Process

The pleadings show that the Defendants did not violate Berry's due process rights. To prevail on his claim in Count I, Berry must have had a property interest in the Position, and the Defendants must have denied him that property interest without due process. Strasburger v. Board of Educ., Hardin County Community Unit School Dist. No. 1, 143 F.3d 351, 358

(7th Cir. 1998). A property interest in employment does not arise from the Constitution but must arise from an independent source, such as state law or a contract. Whether statute or contract, the source of the right must give the employee a legitimate claim of entitlement to continued employment, not just a hopeful expectation. Crim v. Board of Educ. of Cairo School District No. 1,147 F.3d 535, 545 (7th Cir. 1998).

The pleadings show that Berry had no legitimate claim to continued employment. He was exempt from Illinois civil service protection. He was not covered by a collective bargaining agreement. The Manual describes the Department's employment policies, but expressly states in the Disclaimer that the Manual is not an employment contract and can be changed at any time without notice. The Disclaimer effectively negates any implication that the Manual created any kind of enforceable employment contract. Garcia v. Kankakee County Housing Authority, 279 F.3d 532, 535-36 (7th Cir. 2002); Doe v. First Nat. Bank of Chicago, 865 F.2d 864, 873 (7th Cir. 1989).

Berry alleges a legal conclusion in Count I that he had a property interest in the Position by virtue of the First, Ninth, and Fourteenth Amendments to the Constitution and unidentified portions of the Illinois

Constitution. None of these provisions, by themselves, however, create a property interest in any job. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972); Crim,147 F.3d at 545.

Berry argues that the disciplinary procedures in the Manual created a property interest in his employment. Berry had no property interests in the procedures themselves. Thornton v. Barnes, 890 F.2d 1380, 1386 (7th Cir. 1989). Disciplinary procedures do not create a contract of employment if there is no obligation to follow a course of progressive discipline in every situation. Shepley v. E.I. DuPont De Nemours and Co., 722 F.Supp. 506, 511-12 (C.D. Ill. 1989); Frank v. South Suburban Hosp. Foundation, 256 Ill.App.3d 360, 366-68, 628 N.E.2d 953, 958-59 (1993). Here, the Disclaimer states that the Department is not obligated to follow the progressive disciplinary procedures in the Manual. Further, the Manual states that the Department may circumvent the system of progressive discipline if the infraction is "of such a nature as to warrant the initiation of more severe actions immediately." Manual, §17-1(B). The disciplinary procedures in the Manual did not create a contract or give Berry a property interest in his continued employment in the Position.

Berry cites Applegate to support his argument that the disciplinary

provisions of the Manual created a property interest. Applegate v. State of Illinois Dept. of Transp., 335 Ill.App.3d 1056, 783 N.E.2d 96 (2002). The Applegate decision concerns judicial review of an administrative decision made pursuant to the Manual's disciplinary procedures. The case holds that if the Defendants elected to fire Berry for cause, he may have had a state law right to judicial review pursuant to the Applegate decision. The case does not address whether the Manual's disciplinary procedures create a property interest.

The Department also modified the Manual after the Applegate decision. The version of the Manual quoted in the Applegate decision stated that "[a]n employee may be discharged only for just cause." Applegate 783 N.E.2d at 99, quoting Manual at § 4-11(D)(1)(prior ed.). The current Manual has no § 4-11(D)(1). The Manual now states that, "an employee may be discharged for cause . . . ." Manual § 17-2(D)(5). The Manual no longer states that an employee may only be discharged for cause.[1] The amendment makes clear the fact that the Department retains the option to fire employees, such as Berry, for reasons other than cause.

---

[1] The Court does not address whether this modification affects an employee's right to judicial review under state law.

The fact that the Department changed the Manual also demonstrates that the Disclaimer means what it says; the Manual can be changed by the Department at any time and does not constitute an employment contract. Berry had no property interest in his employment by virtue of the Manual. The Constitutional amendments quoted in the Complaint, by themselves, do not give him a property interest in his employment. The pleadings reveal no other basis on which Berry had a property interest in his employment. The Defendants therefore fired Berry without violating his rights to due process. Defendants are entitled to judgment on the pleadings on Count I.

Count II: First Amendment

Berry's political affiliation was a proper basis to fire him. The First Amendment generally protects individuals from being fired due to their political affiliations. Elrod v. Burns, 427 U.S. 347 (1976). Government officials, however, may make employment decisions based on political affiliations whenever such affiliation is an appropriate requirement for effective performance of a particular position or public office. Branti v. Finkel, 445 U.S. 507, 518 (1980); Elrod, 427 U.S. at 367.

Political affiliation may be appropriate when the position has policy-making or confidential duties. Positions involve "policy-making" if the

12

holders of the positions are authorized to have meaningful input, either directly or indirectly, into "government decisionmaking on issues where there is room for principled disagreement on goals or their implementation." Nekolny v. Painter, 653 F.2d 1164, 1170 (7th Cir. 1981). Positions are "confidential" when employees, "are in close contact with policymakers and the highly confidential communications or records affecting decisions." Meeks v. Grimes, 779 F.2d 417, 420 (7th Cir. 1985). The question of whether a position is either "policy-making" or "confidential," for which political affiliation is an appropriate employment consideration, is determined by the duties and responsibilities inherent in the position itself rather than the specific duties the particular employee performed in that position. Americanos v. Carter, 74 F.3d 138, 141 (7th Cir. 1996); Tomczak v. City of Chicago, 765 F.2d 633, 640-41 (7th Cir. 1985).

The Court can determine as a matter of law that a position is one for which political affiliation is an appropriate employment consideration if the duties and responsibilities of the position are outlined by law. Pleva v. Norquist, 195 F.3d 905, 911-12 (7th Cir. 1999). The Court can also determine the issue if the undisputed job description sets forth duties inherent in the position. Thompson v. Illinois Dept. of Professional

Regulation, 300 F.3d 750, 754-55 (7th Cir. 2002). In this case, it is undisputed that the job description accurately describes the duties inherent in the Position. Berry does not challenge the accuracy of the job description; he only argues about its interpretation. <u>Plaintiff's Response to the State Officials' Rule 12(c) Motion for Judgment on the Pleadings (d/e 20)</u>, at 3-6. See <u>Thompson</u>, 300 F.3d at 754, n.5 (plaintiff did not dispute the accuracy of the job description, only the inferences to be drawn therefrom). Furthermore, Berry does not plead any facts that call into question the accuracy of the job description. He only pleads a legal conclusion that "[t]here is nothing in the job duties of a Technical Manager VI position that makes political considerations a condition for employment." <u>Complaint</u>, Count II ¶13. Such legal conclusions are not entitled to any weight. <u>R.J.R. Services</u>, 895 F.2d at 281. See <u>Thompson</u>, 300 F.3d at 754 (plaintiff did not plead facts that would contradict the job description). The Court, therefore, finds that the job description accurately sets forth the duties inherent in the Position.

The Position is both a "policy-making" and "confidential" position for which political affiliation is an appropriate employment consideration. The holder of the Position is the principal budget administrator for district

operations. He supervises a staff of 40 employees and has a Bureau budget of approximately $4,300,000.00. He assists the district engineer in developing budgets for the entire district. He has wide discretion to allocate and reallocate resources throughout the district based on current needs and emergency situations. These policy-making and discretionary functions make political affiliation an appropriate employment consideration. See, e.g., Selch v. Letts, 5 F.3d 1040, 1046-47 (7th Cir. 1993) (political affiliation was an appropriate consideration when the person in the position allocated resources based on current projects and emergencies and communicated with public officials and citizens).

In addition, the person holding the Position is a spokesman and advocate for the Department before the public and elected officials. The Position requires extreme political sensitivity to maintain relations with affected elected officials. Public officials, such as Defendants Governor Blagojevich and Secretary Martin, must be able to rely on the political loyalty of the person authorized to advocate policies to elected officials and the public, and to maintain relationships with elected officials. See Selch v. Letts, 5 F.3d at 1046-47; Brown v. Trench, 787 F.2d 167, 170 (3d Cir. 1986); Nathan v. City of Chicago, 1992WL 80503, at *2 (N.D. Ill. 1992).

See also Flynn v. City of Boston, 140 F.3d 42, 46 (1st Cir. 1998). The Position is clearly one for which political affiliation is an appropriate employment consideration. Berry's arguments to the contrary are simply unpersuasive. The Defendants, therefore, did not violate Berry's First Amendment rights by firing him based on political affiliations. The Defendants are entitled to judgment on Count II.

Count III:  Breach of Contract

Berry last alleges a breach of contract claim against the Department, alleging that the Manual created an employment contract between the Department and him. This Court lacks jurisdiction to hear a breach contract claim against an instrumentality of the State such as the Department. U.S. Const. amend. XI; Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997). Berry concedes that his contract claim is barred by the Eleventh Amendment. Count III is therefore dismissed for lack of subject matter jurisdiction.

THEREFORE, the State Officials' Rule 12(c) Motion for Judgment on the Pleadings (d/e 15) is ALLOWED. Judgment is entered in favor of the Illinois Department of Transportation, Governor Rod R. Blagojevich, Alonzo Monk, and Timothy W. Martin and against Plaintiff Jeffrey H.

Berry on Counts I and II of the Complaint. Count III of the Complaint is dismissed for lack of subject matter jurisdiction. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: August 31, 2004.

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE